FILED

2014 Sep-26  PM 03:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **RONNIE GASKEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **4:12-CV-3833-AKK** |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Ronnie Gaskey ("Gaskey") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence. Therefore, for the reasons elaborated herein, the court will affirm the decision denying benefits and deny Gaskey's motion to remand.

### I.  Procedural History

Gaskey, whose past relevant experience includes work as sheet rock worker/carpenter, filed an application for Title II disability insurance benefits and Title XVI Supplemental Security Income on September 4, 2007, alleging a disability onset date of June 21, 2005, due to problems with concentration, swelling in his extremities,

and symptoms caused by hepatitis C.  (R. 18, 191).  After the SSA denied Gaskey's claim, he requested a hearing before an ALJ.  (R. 102).  The ALJ subsequently denied Gaskey's claim, (R. 15-28), which became the final decision of the Commissioner when the Appeals Council refused to grant review, (R. 1-7).  Gaskey then filed this action for judicial review pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g).  Doc. 1.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. § 405(g) mandates that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence."  *See id*.  (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).  Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other

2

citations omitted).  If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings.  *See Martin*, 894 F.2d at 1529.  While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance."  *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis.  20 C.F.R. §§  404.1520(a)-(g), 416.920(a)-(g).  Specifically, the Commissioner must determine in sequence:

(1)    whether the claimant is currently unemployed;

(2)    whether the claimant has a severe impairment;

(3)    whether the impairment meets or equals one listed by the Secretary;

3

(4)     whether the claimant is unable to perform his or her past work; and

(5)     whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)).  "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do."  *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

## IV.  The ALJ's Decision

In performing the five step analysis, the ALJ found that Gaskey had not engaged in substantial gainful activity since June 21, 2005, and, therefore, met Step One.  (R. 20).  Next, the ALJ found that Gaskey satisfied Step Two because he suffered from the severe impairments of "hepatitis C; cirrhosis; polysubstance abuse; degenerative joint disease of the left knee and hip; pancreatitis; and ventral hernia."  *Id*.  The ALJ then proceeded to the next step and found that Gaskey failed to satisfy Step Three because he "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments."  *Id.*  Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four where he determined that Gaskey has the residual functional capacity (RFC) to perform

4

sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with the following limitations: lift/carry 10 pounds occasionally, items of negligible weight frequently; stand/walk for 2 hours; sit 6 hours; frequent pushing/pulling with the left lower extremity; frequent balancing, stooping, kneeling, crouching, crawling, and climbing of ramps and stairs; no climbing of ladders, ropes or scaffolds; frequent handling and fingering bilaterally; occasional exposure to extreme heat and cold; occasional exposure to humidity and wetness; and occasional exposure to unprotected heights and dangerous machinery.  [Gaskey] would need simple, routine tasks involving no more than simple, short instructions and simple work-related decisions with few work place changes.

(R. 21).  In light of his RFC, the ALJ held that Gaskey "is unable to perform any past relevant work."  (R. 27).  Lastly, in Step Five, the ALJ considered Gaskey's age, education, work experience,[1] and RFC, and determined "there are jobs that exist in significant numbers in the national economy [Gaskey] can perform."  (R. 27).  Therefore, the ALJ found that Gaskey "has not been under a disability, as defined in the Social Security Act, from June 21, 2005, through the date of this decision."  (R. 28).

## V.  Analysis

Gaskey takes issue with the ALJ's decision denying his claim and the Appeals Council's rejection of the new evidence he submitted.  More specifically, Gaskey has moved to remand under sentences four and six of 42 U.S.C. § 405(g), doc. 13, and contends that (1) the ALJ disregarded Gaskey's testimony because he did not pass the "sit and squirm" test; (2) the Appeals Council failed to show in its written denial of

---

[1]  As of the date of the ALJ's decision, Gaskey was 42 years old, had a limited education, and past relevant heavy semi-skilled work as a sheet rock worker/carpenter. (R. 27).

5

review that it had adequately evaluated the new evidence; (3) the ALJ failed to consider all of his severe impairments; (4) the ALJ's hypothetical question to the vocational expert did not include all of his limitations; (5) the ALJ's decision is not supported by substantial evidence when the evidence before the Appeals Council is considered; and (6) the ALJ improperly drew adverse inferences from the lack of medical treatment. *See* doc. 11 at 7-18.  The court will addresses each contention in turn.

    A.    <u>Gaskey's Motion to Remand</u>

    Gaskey contends that the Appeals Council "failed to include numerous and important submissions . . . in the record," and moves the court to remand the case under sentences four and six of 42 U.S.C. § 405(g).[2]  Doc. 13 at 1.  The "important submissions" are medical records which are summarized in Gaskey's initial brief, doc. 10 at 24-32, and are attached to Gaskey's amended brief, s*ee* doc. 11.  These records address the period of the alleged disability.  As the Appeals Council explained for not considering this evidence:

> We also looked at the information from Riverview Regional Medical Center dated May 2010 through August 2012; from Daniel S. Prince, M.D., dated January 2012; from Gadsden Regional Medical Center dated May

---

    [2]  Sentence four provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of the Social Security, with or without remanding the cause for a rehearing."  Sentence six states, in relevant part, that "[t]he court . . . may at any time order additional evidence to be taken before the Commissioner, but only upon showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. § 405(g).

2010 through February 2012; from Quality of Life dated April 2012, and
the photographs you submitted, dated January 25, 2012.  The Administra-
tive Law Judge decided your case through April 30, 2010.  This new
information is about a later time.  Therefore, it does not affect the decision
about whether you were disabled beginning on or before April 30, 2010.

(R. 2).  Based on this determination, the Appeals Council did not include the submissions

in the record, and presumably returned the evidence to Gaskey.[3]

Gaskey's contention that this court should remand the case under sentence four is

unavailing because any judgment of remand under sentence four must be "upon the

pleadings and transcript of the record."[4]  As the Eleventh Circuit has recognized, "[a]

reviewing court is limited [to the record certified by the Commissioner] in examining the

evidence."  *Cherry v. Heckler*,760 F.2d 1186, 1193 (11th Cir. 1985).  Consequently,

when, as here, the Appeals Council does not consider the evidence, this court  treats the

evidence "as if it had been first presented to the district court and . . . evaluate[s] the case

under sentence six."  *Ingram v. Comm'r of Soc. Sec. Admin.*,  496 F.3d 1253, 1268 (11th

Cir. 2007) (quoting *Milano v. Bowen*, 809 F.2d 763, 766 11th Cir. 1987) (internal

quotation marks omitted).

---

[3]  *See* 20 C.F.R. § 404.976(b) ("If you submit evidence which does not relate to
the period on or before the date of the administrative law judge hearing decision, the
Appeals Council will return the additional evidence to you with an explanation as to why
it did not accept the additional evidence . . . .").

[4]  "As part of the Commissioner's answer the Commissioner of Social Security
shall file a certified copy of the transcript of the record including the evidence upon
which the findings and decision complained of are based." 42 U.S.C. § 405(g).  The
evidence at issue here is not part of the certified transcript filed by the Commissioner.

7

To obtain a remand under sentence six, the settled law in this circuit requires Gaskey to establish that (1) there is new, noncumulative evidence; (2) the evidence is material; and (3) there is good cause for failure to submit the evidence at the administrative level. *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986). The new evidence is material if it is "relevant and probative so that there is a reasonable possibility that it would change the administrative result." *Id.* Remand is not warranted here because Gaskey has not established that the evidence is relevant to his condition at the time of the ALJ's decision. Although Gaskey correctly points out that treatment records after the date of the decision *may* be relevant, doc. 13 at 2, he does not specify how or why the treatment records he submitted *are* relevant, except to assert that "all submissions describe physical and psychological symptoms manifested by [Gaskey] that, due to their nature and severity, *could* bear on her [sic] condition during the relevant period," *id.* at 5 (emphasis added). Consequently, Gaskey has failed to failed to meet his burden of properly presenting the issue for decision. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir.2009) ("[S]imply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.").

Alternately, the court finds that the evidence is not material because it fails to rise to the level necessary to show a reasonable expectation of changing the administrative result. The vast majority of the evidence pertains to periods long after the ALJ's

decision, and, as such, is chronologically irrelevant to the issue of Gaskey's disability. For example, eight of the fifteen treatment records at issue cover a period more than one year after the ALJ's decision.  Thus, they lack any chronological relevance.  Moreover, a review of the remaining seven treatment notes shows that they represent treatment for a variety of symptoms during the four month period immediately after the ALJ decision.[5] The treatment closest to the ALJ's decision is related to an emergency room visit on May 7, 2010, doc. 11-1 at 4-9, for treatment for an abscess of the left leg that Gaskey reported having had for 52 weeks, *id.* at 5.  This brief treatment note shows Gaskey received a prescription of antibiotics, and is unlikely to change the ALJ's decision in light of the lack of significant treatment for the condition prior to the date of the ALJ's decision.[6]  As for the remaining visits, Gaskey reported that the symptoms at issue manifested shortly before he presented for treatment.  Therefore, they are of little relevance to Gaskey's condition at the time of the ALJ's decision.

─────────────

[5]  Gaskey presented for treatment on May 7, 2010, at the emergency room (ER) for an abscess of the upper leg, doc. 11-1 at 4-9; on May 18, 2010, at the ER for an abscess on the right arm, with an onset of symptoms three days previously, *id.* at 11-17; on May 27, 2010, for abdominal pain with an onset of symptoms three days previously, *id.* at 55-63; on July 20, 2010, for abdominal pain with an onset of symptoms immediately prior to arrival in the emergency department, *id.*  at 18-28; on August 25, 2010, for swelling of the lower extremities that began one week previously, *id.* at 29-36; on September 2, 2010, for abdominal pain after running out of his medications, doc. 11-2 at 2-9; and September 24, 2010, for persistent upper right quadrant pain since his September 2 visit, that resulted in a laparoscopic cholecystectomy.  *Id.* at 11-52.

[6]  The only treatment note between July 14, 2008, when Gaskey received treatment for a mild hand injury, (R.382), and the date of the ALJ's decision occurred on April 14, 2009, for leg swelling, (R. 273).

Put simply, the court finds the treatment records at issue are not material because they are not chronologically relevant, and are unlikely to change the administrative finding that Gaskey was not disabled on or before April 30, 2010.  Accordingly, even if Gaskey had properly presented the issue for decision, his motion for remand is without merit and will be denied.

B.   The ALJ's Consideration of Gaskey's Appearance and Demeanor

Gaskey next contends that the ALJ erred  when he "disregarded [Gaskey's] testimony because [Gaskey] did not pass the 'sit and squirm' test."  Doc. 11 at 7. According to Gaskey, the ALJ erred by stating that Gaskey's "generally unpersuasive appearance and demeanor while testifying at the hearing," was a factor influencing his decision.  *Id.*   Unfortunately for Gaskey, an ALJ is free to "consider the claimant's demeanor among other criteria in making credibility determinations."  *Norris v. Heckler*, 760 F.2d 1154, 1158 (11th Cir. 1985).  As the *Norris* court observed

> [o]n appellate review, we defer often to the district court's findings based upon his observation and assessment of a witness's demeanor during trial. Likewise, an ALJ is afforded an opportunity to consider a claimant's demeanor during his hearing.  The ALJ, however, must not reject the objective medical evidence and claimant's testimony *solely* upon his observation during the hearing; rather, the ALJ may consider a claimant's demeanor among other criteria in making credibility determinations.

*Id.* (emphasis added).  Moreover, the court explained that in *Freeman v. Schweiker*, 681 F.2d 727 (11th Cir 1982), in which it prohibited "sit and squirm" jurisprudence, it "did not intend to prohibit an ALJ from considering the claimant's appearance and demeanor

during the hearing.  Rather, an ALJ must not impose his observations in lieu of a consideration of the medical evidence presented."  *Id.*

Consistent with *Norris*, the ALJ here properly considered Gaskey's appearance and demeanor as only one factor affecting his credibility determination:

> Another factor influencing the conclusions reached in this decision is [Gaskey's] generally unpersuasive appearance and demeanor while testifying at the hearing.  It is emphasized that this observation *is only one among many* being relied on in reaching a conclusion regarding the credibility of [Gaskey's] allegations and [Gaskey's] residual functional capacity.

(R. 26) (emphasis added).  Indeed, in assessing Gaskey's credibility, the ALJ noted that x-rays showed only mild degenerative joint disease of the hip and knee, that there was no longitudinal treatment history, and that the medical evidence was relatively weak.  *Id.* Accordingly, the court finds no error in the ALJ's consideration of Gaskey's appearance and demeanor while testifying in assessing Gaskey's credibility.

C.    The Appeals Council's Denial of Review

Gaskey contends next that the Appeals Council erred because it failed to adequately consider the new evidence he submitted, and perfunctorily adhered to the ALJ's decision.  Doc. 11 at 9-10.  Although the Appeals Council refused to consider much of the evidence Gaskey submitted, *see supra* Part V.A., it accepted a portion of Gaskey's evidence and made it part of the record, (R. 6).  However, the Appeals Council explained that after considering the evidence, it "found that this information does not provide a basis for changing the Administrative Law Judge's decision."  (R. 1-2).

11

According to Gaskey, "[t]his review is purely conclusory, and it epitomizes 'perfunctory adherence' to the ALJ decision."  Doc. 11 at 10.  To support his contention, Gaskey relies on *Epps v. Harris*, which found that the Appeals Council's failure to adequately evaluate new evidence required a remand:

> Although the Appeals Council acknowledged that Epps had submitted new evidence, it did not adequately evaluate it.  Rather, it perfunctorily adhered to the decision of the hearing examiner.  This failure alone makes us unable to hold that the Secretary's findings are supported by substantial evidence and requires us to remand this case for a determination of Epps' disability eligibility reached on the total record.

624 F.2d 1267, 1273 (5th Cir. 1980) (citing *Mann v. Gardner*, 380 F.2d 182, 187 (5th Cir. 1967).[7]  Gaskey's reliance on *Epps* is misplaced because in *Epps,* the Appeals Council did not deny review; rather it granted review and then affirmed the decision of the ALJ.  *Id.* at 1269, 1272; *see also Edwards v. Colvin*, No. 2:11cv883-SRW, 2013 WL 6772975 (M.D. Ala. Dec. 20, 2013) (explaining why *Epps* involved the Appeals Council's granting of review and affirmance of the ALJ's decision, rather than a denial of review).  Significantly, the pertinent regulation in effect at the time required that when the Appeals Council grants review, its "decision shall be made in writing and contain findings of fact, and a statement of the reasons."  20 C.F.R. § 404.950(c) (1980).[8]

---

[7]  Decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding precedent in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F. 2d 1206, 1209 (11th Cir. 1981) (en banc).

[8]  The current regulation provides that if the Appeals Council reviews a case and issues a decision, "[a] copy of the Appeals Council's decision will be mailed to the parties at their last known address."  20 C.F.R. § 404.979 (2012).

Therefore, in *Epps* the Appeals Council was compelled by the regulations to explain its reasons.

In contrast, here, the Appeals Council did not enter a decision affirming the ALJ.[9] As a result, the *Epps* writing requirement is not controlling.  Moreover, contrary to Gaskey's contention, the Appeals Council's statement that it "considered the reasons [Gaskey] disagree[d] with the decision and the additional evidence listed on the enclosed Order of Appeals Council," and that it "found that this information does not provide a basis for changing the Administrative Law Judge's decision," (R. 1-2), is sufficient to show that it actually considered the relevant evidence.  After all, "nothing requires the [Appeals Council] to further explain its denial of review."  *Levie v. Comm'r of Soc. Sec.*, 514 F. App'x 829, 832 (11th Cir. 2013) (finding identical language sufficient); *see also Mansfield v. Astrue*, 395 F. App'x 528, 530 (11th Cir. 2010) ("Because a reviewing court must evaluate the claimant's evidence anew, the Appeals Council was not required to provide a more thorough explanation than it did.").  Accordingly, the court finds no error in the Appeals Council's consideration of the new evidence.

D.    The ALJ's Consideration of Gaskey's Severe Impairments

Gaskey's next contention of alleged error is based on the ALJ's purported failure to consider all of his severe impairments.  Doc. 11 at 10-11.  Gaskey's contention is

---

[9] Here, the Appeals Council did not enter its own decision because it denied review.  *See* 20 C.F.R. § 404.981 ("The Appeals Council may deny a party's request for review *or* it may decide to review a case and make a decision.") (emphasis added).

unavailing because "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe," so long as Gaskey's impairments were considered in combination at the later steps. *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010). Indeed, the ALJ found Gaskey had multiple severe impairments, and proceeded to Step Three where he found there were "insufficient findings . . . to confirm the presence of an impairment or combination of impairments that meet or equal in severity the criteria of a listed impairment." (R. 20). This finding alone is sufficient to establish that the ALJ considered Gaskey's impairments in combination. *See Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir.1991) (ALJ's finding that claimant did not have "an impairment *or combination of impairments* listed in, or medically equal to one [in the Listings]" is sufficient to show the impairments were considered in combination) (emphasis in original). Moreover, the ALJ recognized that in assessing Gaskey's RFC, he had to "consider all of [Gaskey's] impairments, including impairments that are not severe." (R. 19). Finally, the regulations state that the only consequence of the analysis at Step Two is that if the ALJ finds no severe impairment or impairments, he should reach a conclusion of no disability. *See* C.F.R. § 404.920(c)a)(ii). Accordingly, even assuming that Gaskey is correct, the ALJ's failure to identify all of his severe impairments is harmless because it did not, in any way, change the ALJ's decision. *See Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir.1983)).

E.     The ALJ's Hypothetical Question to the Vocational Expert

Gaskey contends next that the ALJ erred by purportedly posing an hypothetical

question to the vocational expert that "did not include all [Gaskey's] conditions."  Doc.

11 at 11.  Gaskey's only supporting argument on this issue is that:

> [t]he testimony of the VE was not substantial evidence because the ALJ in
> his hypothetical did not consider [Gaskey's] severe depression,
> inflammatory peripatellar bursitis, cellulitis, history of cortical avulsed
> fragment off the intercondylar eminence of tibia with an oblique fracture
> through the lateral tibial plateau, diverticulosis of the sigmoid colon, and
> hepatic encephalopathy, joint pain in the right shoulder, memory loss,
> dementia, peripheral neuropathy, hypertension, and generalized weakness.

*Id.*  However, Gaskey does not explain how these conditions limit his ability to work at

the level the ALJ provided for in his RFC assessment.  Moreover, "the mere existence of

these impairments does not reveal the extent to which they limit [Gaskey's] ability to

work or undermine the ALJ's determination in that regard."  *Moore v. Barnhart*, 405

F.3d 1208, 1213 (11th Cir. 2005).  Therefore, Gaskey has not shown that the

hypothetical question to the vocational expert failed to properly account for Gaskey's

restrictions.

F.     The New Evidence Considered by the Appeals Council

Gaskey's next contention is that the ALJ's decision is not supported by substantial

evidence when the evidence submitted to the Appeals Council is considered.[10]  Doc. 11

---

[10]  As discussed above, *supra* Part V.A., the court may only consider the evidence
not made part of the record by the Appeals Council to determine whether a remand under
sentence six is warranted.  Therefore, the court will only consider the additional evidence
made part of the record by the Appeals Council in connection with Gaskey's contention.

at 11.  Gaskey's entire argument on this issue is that the "Appeals Council has omitted records submitted to the Appeals Council as itemized on page 2 of the brief," and that "[t]he relevant evidence . . . was summarized in the letters submitted to the Appeals Council."  *Id.*  Beyond summarizing the evidence, Gaskey has not explained how the evidence undermines the ALJ's decision.  In other words, Gaskey has "simply stat[ed] that an issue exists, without further argument or discussion," which "constitutes abandonment of that issue and precludes . . . considering the issue on appeal."  *Singh*, 561 F.3d at 1278.  Alternatively, Gaskey's contention misses the mark because, after reviewing the evidence made part of the record by the Appeals Council,[11] the evidence does not render the denial of benefits erroneous.  As a threshold matter, the court notes that most of these treatment notes were either contained in the record before the ALJ, or were dated well before Gaskey's alleged onset date of June 21, 2005, and, therefore, do not undermine the ALJ's decision.  (R. 524-98).  The remaining evidence shows that Gaskey sought treatment on July 30, 2007, for a knee injury that occurred three days previously, was diagnosed with moderate left knee cellulitis, (R. 504-22), and an x-ray showed no acute findings in Gaskey's left knee.  (R. 509).  Gaskey also sought treatment

---

[11] "When a claimant properly presents new evidence to the [Appeals Council] and it denies review, [a reviewing court] essentially consider[s] the claimant's evidence anew to determine whether 'that new evidence renders the denial of benefits erroneous.'" *Levie*, 514 F. App'x. at 832 (quoting *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1262 (11th Cir.2007).  Therefore, this court must consider the record as a whole, including the evidence made part of the record by the Appeals Council, to determine whether the ALJ's findings are supported by substantial evidence.  *Ingram*, 496 F.3d at 1266.

on October 3, 2007, complaining of leg swelling, and he was diagnosed with acute muscular spasm and a ruptured Baker's cyst.  (R. 498).  However, the treatment notes showed no abnormal behavior, that Gaskey ambulated independently, and reported that he could perform all activities of daily living without assistance.  (R. 495, 520).  While the ALJ may not have had this specific information related to July 30, 2007, and October 3, 2007, the ALJ had information regarding Gaskey's knee impairment.  Indeed, the ALJ discussed in his opinion evidence showing that Gaskey was admitted to the hospital on September 26, 2007, for treatment of left knee pain, confusion and low grade fever, and that Gaskey was discharged on September 29, 2007, after showing improvement.  (R. 23, 332).  Significantly, the record shows no further treatment for this condition prior to the ALJ's decision on April 30, 2010.  Therefore, the court finds that the evidence considered by the Appeals Council did not render the ALJ's denial of benefits erroneous, and accordingly, the Appeals Council did not err in failing to review Gaskey's claim.

G.    Lack of Medical Treatment

Gaskey's final contention is that the ALJ improperly drew adverse inferences by commenting on Gaskey's "infrequent trips to the doctor for the allegedly disabling symptoms" without "develop[ing] the record on the issue of why there was so little medical evidence."  Doc. 11 at 17.  To support his contention, Gaskey cites SSR 96-7p, which provides that the ALJ "must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical

treatment without first considering any explanations *that the individual may provide*, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment."  1996 WL 374186 at *7 (emphasis added). Gaskey's reliance on SSR 96-7p misses the mark, however, because Gaskey failed to offer an explanation, or point the court to information in the record that would account for his infrequent treatment.  As a result, Gaskey has not met his burden of showing that the ALJ failed to comply with SSR 96-7p.  Moreover, Gaskey's assertion that "[t]he ALJ did not ask any follow-up questions and failed to develop the record on the issue," doc. 11 at 17, is insufficient to show the requisite "evidentiary gaps which result in unfairness or 'clear prejudice'" that would warrant a remand.  *Smith v. Schweiker*, 677 F.2d 826, 830 (11th Cir.1982) (quoting *Ware v. Schweiker*, 651 F.2d 408, 413 (5th Cir. Unit A July 1981); *see also Robinson v. Astrue*, 365 F. App'x 993, 995 (11th Cir. 2010) ("[T]here must be a showing of prejudice before [a reviewing court] will remand for further development of the record.") (citing *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995).  Because Gaskey has offered no explanation for his infrequent treatment, the court finds the ALJ committed no reversible error.

## VI.  Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Gaskey is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination.  Therefore, the Commissioner's

final decision is **AFFIRMED**.  A separate order in accordance with the memorandum of

decision will be entered.

    **DONE** this 26th Day of September, 2014.


                                           **ABDUL K. KALLON**
                                  UNITED STATES DISTRICT JUDGE